FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 26 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LISA SOWELL                                            PLAINTIFF

VS.                               NO. 5:19-cv-00275 BSM

EVERGREEN PACKAGING LLC,
formerly Evergreen Packaging Inc.                          DEFENDANT

This case assigned to District Judge MILLER
and to Magistrate Judge VOLPE

## COMPLAINT

NOW COMES Lisa Sowell, hereinafter called Plaintiff, complaining of and about Evergreen Packaging LLC, formerly Evergreen Packaging Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### JURISDICTION

1. Plaintiff, Lisa Sowell, brings this action against Defendant, Evergreen Packaging LLC, for disability discrimination and retaliation under the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Arkansas Civil Rights Act of 1993.

2. Specifically, Plaintiff claims Defendant failed to provide an accommodation, although requested, and discharged Plaintiff in violation of 42 U.S.C. § 12112(a).

3. Plaintiff also alleges Defendant discharged her in retaliation for her Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC").

### SUPPLEMENTAL JURISDICTION

4. "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Many of the state law claims asserted herein by Plaintiff as hereinafter set forth can be heard by this Court as a matter of supplemental jurisdiction.

## PARTIES

5. Plaintiff, Lisa Sowell, is a 52-year-old African American woman, who resides in Pine Bluff, Arkansas.

6. Defendant, Evergreen Packaging LLC, formerly Evergreen Packaging Inc., is a foreign limited liability company, organized under the laws of the State of Delaware, authorized to do business in the State of Arkansas.

7. Defendant's registered agent for service is the Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

## COUNT I

8. Plaintiff, Lisa Sowell, an African American female, was employed by Defendant, Evergreen Packaging LLC, at 5201 Fairfield Road, Pine Bluff, Arkansas 71601, in September 2003 with her most recent position as a Service Operator.

9. On or about May 31, 2018, Plaintiff was injured on the job, restocking the head.

10. Plaintiff slipped and fell while going down steps.

11. Plaintiff's fall resulted in Plaintiff becoming unconscious.

12. After Plaintiff regained consciousness, she learned she sustained serious injury to her left knee and leg, right shoulder and lower back.

13. In July 2018, Plaintiff was diagnosed with a disability, although having numerous tests and physical therapy.

14. In October 2018, Plaintiff was released to return to work with restrictions, light duty.

15. Plaintiff's current doctor has requested a full MRI which has not been provided.

16. On or about October 24, 2018, Plaintiff was contacted by a manager with Defendant and told to come back to work.

17. Due to Plaintiff's disability she could not perform all the responsibilities, duties, of her assigned position.

18. Due to Plaintiff being unable to perform the duties of her assigned position, Plaintiff requested light duty, an accommodation.

19. Plaintiff was informed by the nurse for Defendant that the manager, Will Huyck, said Plaintiff could not come back, that no light duty was available; that Plaintiff had too many restrictions due to her disability.

20. The manager, Will Huyck, is alleged to have said, "Have the doctor remove your restrictions."

21. On December 10, 2018, Plaintiff filed a Charge of Discrimination with EEOC against Defendant alleging she was being denied a reasonable accommodation because of her disability in violation of the ADA.

22. Other employees of Defendant with disabilities have been provided accommodations, including, but not limited to, Mona Ruth, who is still employed by Defendant.

23. On May 30, 2019, Plaintiff was mailed EEOC's Dismissal and Notice of Rights, a copy of which is attached.

24. On July 15, 2019, Plaintiff was notified via certified mail of her termination, that she was no longer an employee of Defendant, pretextually due to Plaintiff's "absence from work is an unapproved leave from your job."

## COUNT II
(Retaliation)

25. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

26. Defendant failed to provide Plaintiff an accommodation, though reasonable, and discharged Plaintiff, further discrimination, and in retaliation for filing her Charge of Discrimination with EEOC, in violation of 42 U.S.C. § 12112(a).

## COUNT III
(Arkansas Civil Rights Act of 1993)

27. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

28. Plaintiff alleges a pendent state cause of action pursuant to the Arkansas Civil Rights Act of 1993, § 16-123-107, et seq.

29. Arkansas Code Annotated 16-123-107(a) provides:

(a) The right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

    (1) The right to obtain and hold employment without discrimination;

30. Arkansas Code Annotated 16-123-107(c)(1)(A) provides:

(c)(1)(A) Any individual who is injured by employment discrimination by an employer in violation of subdivision (a)(1) of this section shall have a civil action against the employer only in a court of competent jurisdiction, which may issue an order prohibiting the discriminatory practices and provide affirmative relief from

4

the effects of the practices, and award back pay, interest on back pay, and, in the discretion of the court, the cost of litigation and a reasonable attorney's fee.

31. Arkansas Code Annotated 16-123-107(2)(A) provides:

(2)(A) In addition to the remedies under subdivision (c)(1)(A) of this section, any individual who is injured by intentional discrimination by an employer in violation of subdivision (a)(1) of this section shall be entitled to recover compensatory damages and punitive damages.

32. Plaintiff seeks to recover compensatory and punitive damages to the extent allowed by law, and in the discretion of the Court, to recover the cost of litigation and a reasonable attorney's fee.

## DAMAGES

33. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Loss of actual wages;

    b. Loss of employee health and welfare benefits;

    c. Loss of employer/employee sponsored retirement benefits and contribution;

    d. All reasonable and necessary attorney's fees by or on behalf of Plaintiff;

    e. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    f. All reasonable and necessary costs incurred in pursuit of this suit;

    g. Emotional pain;

    h. Expert fees as the Court deems appropriate;

    i. Mental anguish in the past; and

    j. Punitive damages.

## EXEMPLARY DAMAGES

34. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

35. Plaintiff seeks the following specific relief, which arises out of the actions, and/or omissions of Defendant described hereinabove:

   a. Prohibit by injunction the Defendant from engaging in unlawful employment practices;

   b. Reinstate Plaintiff to the position and pay grade which Plaintiff held, but for the unlawful employment actions of Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Lisa Sowell, respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

Respectfully submitted,

LARRY J. STEELE PLC

By: *[signature: Larry J. Steele]*
LARRY J. STEELE (78146)
225 West Elm Street
P.O. Box 561
Walnut Ridge, AR  72476-0561
(870) 886-5840
(870) 886-5873 fax
email: steelelaw7622@sbcglobal.net
*Attorney for Plaintiff, Lisa Sowell*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EEOC Form 161 (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lisa Sowell<br>809b w 27th ave<br>Pine Bluff, AR 71601 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2019-00316 | Tyrone Y. Blanks,<br>Investigator | (501) 324-5083 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*William A. Cash, Jr.*
Area Office Director

MAY 3 0 2019
*(Date Mailed)*

Enclosures(s)

cc:  Melissa Cramer
Human Resources Manager
Evergreen Packaging
5201 Fairfield Rd
Pine Bluff, AR 71601